AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | |
| JOSHUA CRANWELL | ) | 2:26-mj-0026 CKD |
| | ) | |
| | ) | |
| *Defendant* | | |

**FILED**

**Mar 16, 2026**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____February 18, 2026_____ in the county of _____Calaveras_____ in the _____Eastern_____ District of _____California_____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/
*Complainant's signature*

FBI Special Agent Brian Huberty
*Printed name and title*

Sworn to me and signed via telephone.

Date: _____March 16, 2026_____

*Judge's signature*

City and state: _____Sacramento, CA_____

Carolyn K. Delaney, Chief U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brian Huberty, a Special Agent with the Federal Bureau of Investigation ("FBI"), currently assigned to the Sacramento Field Office, Stockton Resident Agency, being duly sworn, state:

1.    I am respectfully submitting this affidavit in support of my request for the issuance of a criminal complaint and arrest warrant against Joshua Cranwell (hereafter "CRANWELL") charging him with being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1), on or about February 18, 2026.

2.    The information contained in this Affidavit is based upon my training and experience, my personal knowledge of this investigation, and information provided to me by other agents and law enforcement officials who have assisted in this investigation and have experience investigating the violations of firearm laws. This Affidavit is intended to provide probable cause to support the issuance of the complaint and arrest warrant and does not set forth all the information of which I am aware. The Affidavit mainly focuses on facts relevant and necessary to establish probable cause for the requested arrest warrant. The facts establishing probable cause that CRANWELL committed this crime are set forth more fully below.

## I.    INTRODUCTION AND AGENT BACKGROUND

3.    I have been employed as a Special Agent of the FBI since January 2004 and am currently assigned to the Sacramento Division on the Stockton/San Joaquin County Violent Crime Task Force (Task Force Delta). Prior to being assigned to the Stockton/San Joaquin Violent Crime Task Force, I was assigned to the Sacramento Division, Central Valley Gang Impact Task Force from 2008 to 2020, Human Intelligence from 2020 to 2023, the Sacramento Drug Strike Force from 2023 to 2024. During this time I have led and participated in hundreds of investigations into complex criminal organizations such as the Hells Angels Motorcycle Club (Modesto Charter), the Nuestra Familia and Norteno criminal street gang and the Sinaloa Cartel, as well as various other organizations.  I have investigated drug trafficking, firearms violations, violence in the pursuit of these criminal activities and other crimes.

4.    As a Special Agent of the FBI, I am authorized to investigate violations of the laws of the United States, and I am a law enforcement officer with authority to execute arrest and search

warrants under the authority of the United States. My training consisted of 21 weeks of New Agent Training classes during which I received instruction on various aspects of Criminal and National Security investigations.  As part of my training, I received extensive instruction and gained personal experience in the areas of criminal law, firearms training, rules of evidence, interview techniques, physical surveillance, interviewing witnesses, confidential informants, victims and suspects, writing affidavits, executing search warrants, analyzing phone records obtained from subpoenas, search warrants, pen registers, trap and trace devices, and collecting and processing evidence. In addition, I have received specialized training in the extraction of data from digital devices, to include cellular telephones, as well as specialized training in firearms technology, surveillance operations, and gang and narcotics investigations. I have personally authored warrants for premises, location data, arrests, financial records, wiretaps and other investigative techniques. Throughout my law enforcement career, and as part of my participation in this investigation, I have spoken with, worked with, and gained knowledge from numerous experienced federal, state, and local investigators.

## II.        PROBABLE CAUSE

### A.        February 18, 2026 – CRANWELL domestic violence leads to firearm being found

5.        On February 18, 2026, at approximately 8:47 a.m., a domestic violence victim (referred to throughout this Affidavit as "Victim 1") reported that she was hiding from her husband, Joshua CRANWELL, at their residence located at 1671 Independence Road, Mokelumne Hill, California, in Calaveras County (hereafter RESIDENCE). While on the phone with the 911 Calaveras County Sheriff's Office (CCSO) dispatchers, Victim 1 advised that CRANWELL was back in the residence yelling at Victim 1.

6.        CCSO responded to the residence and interviewed Victim 1.  It should be noted, law enforcement was aware that Victim 1 and CRANWELL have a long history of domestic violence based upon incidents reported to law enforcement spanning from 2016 to the present.  During that time period, in total, CCSO have documented approximately nine domestic violence incidents between CRANWELL and Victim 1.

7.        During their interaction with Victim 1, deputies learned that the night before, on February 17, 2026, CRANWELL was in his detached CABIN, a property close in proximity to residence

where Victim 1 lived with CRANWELL's elderly father who required significant care.  At around 9:00 p.m., Victim 1 approached CRANWELL's CABIN and asked for assisted brining firewood into the main RESIDENCE.  Victim 1 believed CRANWELL may have been using cocaine had been having an "episode" inside his CABIN.  When Victim 1 asked CRANWELL with assistance with the firewood, he began to unlock all the internal locks on the CABIN door and Victim 1 became scared.  Victim 1 believed CRANWELL was going to harm her based on CRANWELL's previous behavior in similar circumstances.  During past incidents, Victim 1 said that CRANWELL would grab her by the neck and lift her up to the point of choking.[1]  Hearing CRANWELL preparing to exit the CABIN, Victim 1 fled back to the RESIDENCE and tried to close the entry door to the main RESIDENCE.  According to Victim 1, CRANWELL prevented the door from being closed and began to force his way into the RESIDENCE.  Eventually, CRANWELL caused the front door to be knocked off its hinges.  The force of CRANWELL's actions caused the door to come to collide with the bridge of Victim 1's face, injuring her.  CRANWELL retreated to the CABIN.  Throughout the night and into the early morning hours of February 18, Victim 1 periodically went to the CABIN to ask for assistance with firewood and propane because the house was cold and CRANWELL's father (who is living with dementia) was becoming agitated because he was not able to watch television with the generator off.  Aat about 8:00 a.m., CRANWELL called Victim 1 a "crackhead," "whore," and "bitch," and again began unlocking the padlocks on the CABIN door.  Victim 1 fled to the RESIDENCE and called 911.

8.    Consistent with Victim 1's account, deputies observed red bruising around the bridge of Victim's nose and faint shadows under the inner corners of Victim 1's eyes, which Victim 1 identified as likely bruises from the incident.  A deputy also noticed older scratches on Victim 1's hands.  Victim 1 reported that those scratches resulted from defensive wounds from previous domestic violence incidents.  A deputy also observed a faint yellow bruise on Victim 1's left arm.  Victim 1 explained that bruise resulted from CRANWELL grabbing her arm.  Victim 1 requested and emergency protective order and the Superior Court granted one to protect Victim 1 from CRANWELL.

---

[1]    Victim 1 also reported that during past "episodes" of violence and destructive behavior, CRANWELL shattered Victim 1's car window, taken an axe to the door of Victim 1's vehicle, and broken several doors on the property.

9.      Additional responding deputies gathered outside the CABIN and formed a perimeter around the CABIN.  They called for CRANWELL to exit with his hands up based upon an existing arrest warrant arising from another matter, as well as probable cause to believe he committed domestic violence against Victim 1 in violation of California Penal Code § 273.5.  Initially, CRANWELL said he had done nothing wrong and would not go outside the CABIN.  However, he eventually opened the CABIN door and exited with his hands over his head.  Deputies took him into custody.

10.      Calaveras County Superior Court Judge Healy then issued a search warrant authorizing law enforcement to locate and seize CRANWELL's mobile devices, DVR devices (surveillance footage), and any narcotic/narcotic equipment located at the RESIDENCE, which included the CABIN. This search included all rooms, attics, basements and all other parts therein as well as the surrounding grounds or curtilage, storage rooms, locked safes or outbuilding of any kind located on the premises.

11.      During the search of the CABIN, Deputy Rader found indicia for CRANWELL on the first level of the CABIN. The CABIN's second level was a living space. The living space had a wood burning stove, a bed, a television, and a cabinet.  The cabinet was near the entrance of the second floor of the CABIN.  Inside this cabinet, deputies discovered a small, black leather case which contained multiple rounds of ammunition.  In the same cabinet, deputies discovered a green ammunition can containing multiple rounds of the ammunition.  In the same cabinet, deputies found a black, rounded case which contained a  leather holster. Inside of the leather holster, deputies discovered a Remington UMC pistol bearing serial number PA30816.  Deputies noted the handgun was loaded with a magazine, containing multiple rounds of .380 rounds.

12.      Deputies seized the live ammunition and firearm and booked them into evidence. Victim 1 later claimed that the firearm belonged to CRANWELL's father.  But, CRANWELL's father's dementia, his bedroom and full-time residence being inside in the RESIDENCE, and CRANWELL's exclusive dominion and control over the CABIN, including multiple locking device to keep others out, are inconsistent with Victim 1's attribution of the gun to CRANWELL's father.

13.      Detective Rader was aware of CRANWELL's felony conviction in August, 2005,

this prohibits him from being in possession of any firearm. Based on the statements of this secondary structure being CRANWELL's "cabin", the mail observed on the lower level of CABIN solely belonging to CRANWELL and this being the same structure CRANWELL emerged from when first initially contacted by responding deputies, CRANWELL was aware of and had access to the firearm and ammunition.

14.     During the search on February 18, deputies also noticed a heavily-fortified structure on CRANWELL's property.  The structure had metal bars around all the windows, heavy-duty locks on all the doors, and security doors.  Deputies used a breaching tool to enter this structure.  Instead, deputies discovered a large amount of Hells Angels outlaw motorcycle gang ("OMG") memorabilia.  This finding of this structure and these items were each consistent with law enforcement information intelligence that CRANWELL is a member of the Hells Angels OMG.

**B.     CRANWELL is a Felon and Prohibited from Possessing Firearms**

15.     A review of CRANWELL's criminal history revealed he was previously convicted in August 2005 a felony for violating California Health & Safety Code § 11359 – Possession of Marijuana for Sale.

**C.     Interstate Nexus of Gun Possessed by CRANWELL**

16.     I consulted with an interstate nexus expert from the Bureau of Alcohol, Tobacco, and Firearms and learned that the Remington UMC pistol bearing serial number PA30816 possessed by CRANWELL on February 18, 2026, was not manufactured in the State of California and therefore traveled in and affected interstate commerce.

### III.    CONCLUSION

17.    Based upon the information set forth this Affidavit, I respectfully submit there is probable cause to believe that, on or about February 18, 2026, CRANWELL violated 18 U.S.C § 922(g)(1) by illegally possessing a firearm that moved interstate commerce after sustaining a felony conviction.

18.    Accordingly, based upon the foregoing, I respectfully request that the Court authorize the requested Criminal Complaint and, based upon that Complaint, issue an arrest warrant for CRANWELL.

I declare under penalty of perjury that the statements above are true and correct to best of my knowledge and belief.

Respectfully submitted,

/s/

Brian Huberty
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to me via telephone on:    March 16, 2026

HONORABLE CAROLYN K. DELANEY
CHIEF U.S. MAGISTRATE JUDGE

/s/ Jason Hitt
Approved as to form by AUSA Jason Hitt