UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:26-cr-00046-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| JOSHUA CRANWELL, | |
| Defendant. | |

This matter is before the Court on Defendant Joshua Cranwell's ("Defendant") Motion for Reconsideration. (ECF No. 28.) The Government filed an opposition. (ECF No. 29.) For the reasons set forth below, the Court DENIES Defendant's motion.

The Court need not repeat the full factual background of this case as it is set forth in the Court's prior Order. (ECF No. 27.) In short, on June 4, 2026, the Court granted the Government's motion to revoke the magistrate judge's release order and ordered Defendant to remain detained pending trial. (*Id.*) On the same day, Defendant filed a motion for reconsideration.

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042,

1

1047 n.7 (9th Cir. 2000)).  Pursuant to Local Rule 430.1(i)(3), a party filing a motion for reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  E.D. Cal. L.R. 430.1(i)(3); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).  "The authority of district courts to reconsider their own orders . . . allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal."  *Martin*, 226 F.3d at 1049.

In his motion for reconsideration, Defendant argues he was not afforded sufficient time to file an opposition to the Government's brief, as the local rules allow for seven days from the filing of a motion for an opposition brief, and it was impossible for defense counsel to review the Government's motion and draft an opposition brief in the time provided as she was out of the office.  (ECF No. 28 at 5–6.)  Defendant further argues there is new evidence that he did not have access to the cabin where the firearm was located, which the Court should consider before ruling on the Government's motion.  (*Id.* at 6.)  Specifically, Defendant notes his wife has provided (1) photographs of the property, workshop, and cabin to establish the residence and workshop are separate spaces with separate entrances and (2) additional information to contradict the Government's assertion that Defendant was occupying the cabin rather than the workshop, when law enforcement contacted him.  (*Id.*)  In opposition, the Government contends Defendant does not cite the applicable standard of review for a motion for reconsideration or engage with it in his brief.  (ECF No. 29 at 4.)  The Government maintains Defendant repeats arguments that were already considered in the Court's prior Order.  (*Id.* at 4–5.)  The Government asserts that to the extent Defendant seeks to introduce new evidence, a fair reading of the Court's prior Order is that the Court considered previous information presented by his victim but was not persuaded it mitigated significant danger and flight risks Defendant presents.  (*Id.* at 5.)

First, as it relates to the briefing schedule, the Court has inherent authority to set its own briefing schedule outside of the local rules, especially when the Bail Reform Act mandates that motions to revoke an order of release or detention are to be determined "promptly."  *See* 18

2

U.S.C. § 3145 (noting that motions for revocation of a release or detention order "shall be determined promptly").  While defense counsel cites to *United States v. Towner*, No. 2:26-cr-00040-TLN, to note that this Court has provided the Government with eight days to file an opposition to a defense motion to revoke, the two matters are not the same.  In *Towner*, this Court has maintained the status quo — detention — while considering the parties' arguments.  In this matter, Defendant was set to be released pursuant to the magistrate judge's order.  (ECF No. 22.)  The Court then issued a minute order staying the magistrate judge's order for 48 hours to maintain the status quo and allow the parties to fully brief the issue of whether Defendant shall be released from custody.  (ECF No. 26.)  After considering all the evidence in the record before the magistrate judges and the arguments in the Government's brief, the Court acted promptly to revoke the magistrate judge's release order and protect the public's safety.  (ECF No. 27.)

Defense counsel admits she was aware of the Government's motion to revoke at the start of the work day on June 2, 2026.  (ECF No. 28 at 5.)  Defense counsel also received notification of the Court's minute order setting a briefing schedule.  (ECF No. 26.)  Yet, defense counsel took no steps to address either — she neither opposed the motion nor sought an extension of time to do so prior to when the opposition was due.  The Court is sympathetic to defense counsel's need to assist two immediate family members with in-home support needs.  However, as it pertains to this issue, defense counsel does not address "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  E.D. Cal. L.R. 430.1(i)(3).  Thus, the Court ultimately declines to consider the issue.

Second, as it relates to the additional evidence regarding Defendant's access to the cabin where the firearm was located, the Court finds this evidence does not change the Court's analysis of some of the 18 U.S.C. § 3142(g) factors — specifically, history and characteristics of Defendant and danger to the community.  The Court remains deeply concerned that Defendant's behavior in the instant offense reflects a pattern of violence against Victim-1 and agrees the Government has established by clear and convincing evidence that Defendant poses a danger to the community and that no condition or combination of conditions will reasonably assure the

3

safety of the community.  (ECF No. 27 at 6–7.)  Further, this evidence also does not change whether Defendant is a flight risk.  As stated previously, Pretrial Services has found Defendant's mother and sister are unwilling to assist Defendant with a bond and having Victim-1 act as a surety is deeply troubling considering Defendant's history of domestic violence.  (*Id.* at 7–8.) Pretrial Services also noted Defendant poses a risk of nonappearance because he has one known failure to appear charge, has a substance abuse history, and no suitable bond package had been identified.  (*Id.* at 8.)  The Court stands by its conclusion that the mitigating factors Pretrial Services offered do not outweigh the risk of nonappearance.  (*Id.*)  Defendant's newly-offered evidence does not change this analysis.

For the foregoing reasons, the Court DENIES Defendant's Motion for Reconsideration. (ECF No. 28.)  Defendant shall remain detained pending trial.

IT IS SO ORDERED.

Date: June 11, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE