UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JOSHUA CRANWELL,<br>Defendant. | No. 2:26-cr-00046-TLN-1<br><br>**ORDER** |

This matter is before the Court on Defendant Joshua Cranwell's ("Defendant") Motion to Dismiss the Indictment Based on Reduction of Prior Conviction to a Misdemeanor by Operation of Law (ECF No. 33) and Motion to Dismiss the Indictment under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) (ECF No. 34). The Government opposes both motions. (ECF Nos. 35, 36.) For the reasons set forth below, the Court DENIES both motions.

///

///

///

///

///

///

## I. Factual and Procedural Background

On June 29, 2005, Defendant pleaded guilty to possession of marijuana for sale in violation of California Health and Safety Code § 11359. (ECF No. 33-1 at 6–7.) At that time, a violation of § 11359 was a felony punishable by up to three years in state prison. (ECF No. 33 at 3.) A Superior Court of California sentenced Defendant to 180 days in jail, 36 months of probation, and a work program.[1] (*Id.*; ECF No. 33-1 at 7.) On February 13, 2017, the superior court set aside and dismissed the conviction under California Penal Code § 1203.4. (ECF No. 33-1 at 7, 12.)

On April 9, 2026, a grand jury returned an Indictment charging Defendant with one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 10.) Defendant filed the two instant motions to dismiss the Indictment. (ECF Nos. 33, 34.)

## II. Standard of Law

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A motion alleging a defect in the indictment, including a failure to state an offense, "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B)(v).

"In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted). The Court must "accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.* (citation omitted).

## III. Analysis

Defendant has filed two motions to dismiss the Indictment. The Court addresses each

[1] The briefing inconsistently identifies the court of conviction. Defendant identifies Amador County Superior Court as the court of conviction. (ECF No. 33 at 3.) The Government identifies Calaveras County Superior Court but also refers to Amador County. (*Compare* ECF No. 35 at 2, 7 (referencing Calaveras County), *with id.* at 3 n.3 (referencing Amador County).) This discrepancy does not affect the Court's analysis because the same California law governs the effect of Defendant's postconviction relief in either county.

motion in turn.

A. Motion to Dismiss Based on the Reduction of Prior Conviction

In his first motion, Defendant argues the Government cannot prove he knew he was a felon and that his prior conviction does not qualify as a predicate offense under 18 U.S.C. § 921(a)(20). (ECF No. 33.) The Court addresses each claim in turn.

*i. Knowledge of Status*

Defendant argues that the Government cannot prove the knowledge-of-status element that *Rehaif v. United States*, 588 U.S. 225 (2019), requires because he believed his conviction "had been reduced to a misdemeanor, set aside and dismissed at the time he was alleged to have possessed a firearm in this matter." (ECF No. 33 at 6.) Defendant acknowledges that the 2017 dismissal under California Penal Code § 1203.4 "does not restore [his] right to possess a firearm." (*Id.* at 7.) He contends, however, the 2017 dismissal and public information about automatic reclassification under Proposition 64 led him to reasonably believe that his conviction had become a misdemeanor before the alleged firearm possession. (*Id.* at 6–7.) In opposition, the Government argues that Federal Rule of Criminal Procedure ("Rule") 12 does not permit the Court to weigh evidence of Defendant's knowledge. (ECF No. 35 at 9–10.)

"[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 588 U.S. at 237. "Where intent of the accused is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury." *Morissette v. United States*, 342 U.S. 246, 274 (1952). "A pretrial motion is generally 'capable of determination' before trial if it involves questions of law rather than fact." *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (citations omitted). Although a district court "may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *Id.* (citation omitted). For that reason, a "defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669

(9th Cir. 1996) (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)). In other words, a "motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence," and the Court "should not consider evidence not appearing on the face of the indictment." *Id.* (quoting *United States v. Marra*, 481 F.2d 1196, 1199–1200 (6th Cir. 1973)). A pretrial motion that challenges the government's ability to prove a material element of the offense thus amounts to a premature challenge to the sufficiency of the government's evidence. *See United States v. Nukida*, 8 F.3d 665, 669–70 (9th Cir. 1993). The proper way to challenge the sufficiency of the government's evidence on that element is a motion for acquittal under Rule 29, presented at the close of the government's case-in-chief. *Id.* at 672–73.

Defendant's argument challenges the Government's evidence rather than the Indictment. The Indictment alleges that Defendant knew, when he possessed the firearm, that he had been convicted of a crime punishable by imprisonment for a term exceeding one year (ECF No. 10 at 1), and Defendant does not contend that it omits that element. He contends instead that the Government cannot prove the element, and he supports that contention with a declaration describing his sentence of probation, the California Penal Code § 1203.4 dismissal, and his understanding of Proposition 64. (ECF No. 33 at 6–7; ECF No. 33-2.) Whether Defendant knew of his status on February 18, 2026, is "an ingredient of the crime charged," and "its existence is a question of fact which must be submitted to the jury." *Morissette*, 342 U.S. at 274. To find now that Defendant lacked that knowledge, the Court would have to look beyond the four corners of the Indictment, credit a declaration that the Government has not tested, and resolve an element of the offense in Defendant's favor. That inquiry would make the motion "a device for a summary trial of the evidence," *Jensen*, 93 F.3d at 669 (quoting *Marra*, 481 F.2d at 1199–1200), and would "invade the province of the ultimate finder of fact," *Shortt*, 785 F.2d at 1452 (citation omitted). Defendant's motion therefore "amount[s] to a premature challenge to the sufficiency of the government's evidence." *Nukida*, 8 F.3d at 669.

*Rehaif* does not compel a different result. Defendant argues that in *Rehaif*, "the Supreme Court recognized that a defendant may lack the knowledge-of-status where they were convicted of a prior crime but sentenced only to probation, and do not know that the crime is 'punishable by

imprisonment for a term exceeding one year.'" (ECF No. 33 at 4 (italics omitted) (quoting *Rehaif*, 588 U.S. at 233).) *Rehaif*, however, did not arise on a pretrial motion to dismiss. It arose after a jury trial. The trial judge there "instructed the jury (over Rehaif's objection) that the 'United States is not required to prove' that Rehaif 'knew that he was illegally or unlawfully in the United States.'" 588 U.S. at 228. "The jury returned a guilty verdict." *Id.* The Supreme Court reversed because "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status." *Id.* at 227. The passage Defendant quotes illustrates why the Government must prove knowledge of status to the jury, but the passage does not permit a court to decide before trial that the Government cannot prove knowledge of status. As the Government notes, whether a jury will credit Defendant's account of his belief "is a question that is not before the Court in a Rule 12 motion." (ECF No. 35 at 6 n.6.) Defendant may present evidence concerning his sentence of probation, the California Penal Code § 1203.4 dismissal, and his understanding of Proposition 64 to the jury. He may also test the Government's proof through a Rule 29 motion for a judgment of acquittal, presented at the close of the Government's case-in-chief. *See Nukida*, 8 F.3d at 672–73. He may not obtain dismissal on that evidence now.

Thus, the Court rejects Defendant's knowledge-of-status argument as a basis for dismissal. The Court next considers whether his prior conviction qualifies as a predicate offense.

*ii. Qualifying Predicate Conviction*

Defendant argues that his conviction does not qualify as a predicate offense under 18 U.S.C. § 921(a)(20) because the State of California reclassified it as a misdemeanor and restored his civil rights before the alleged possession. (ECF No. 33 at 7–9.) He acknowledges that "the dismissal under § 1203.4 does not restore [his] right to possess a firearm." (*Id.* at 7.) He contends, however, that Proposition 64 and its implementing legislation "authorized automatic review and reclassification of prior cannabis convictions," "[e]ligible convictions were automatically reduced to misdemeanors without requiring individual petitions," and his conviction "was reduced by operation of law as of March 1, 2023." (*Id.* at 8.) He further contends a misdemeanor violation of California Health & Safety Code § 11359 is punishable by no more than six months in county jail and California's reclassification does not expressly

prohibit him from possessing firearms. (*Id.* at 8.) In opposition, the Government argues the dismissal of Defendant's conviction under California Penal Code § 1203.4 expressly withholds firearm rights, and Proposition 64 did not apply to Defendant because he had already obtained relief under California Penal Code § 1203.4.[2] (ECF No. 35 at 4–6.)

Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.* § 921(a)(20). "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction . . . . unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* The "unless" clause of 18 U.S.C. § 921(a)(20) "looks to the terms of the past restorations alone," and "a state weapons limitation on an offender activates the uniform federal ban on possessing any firearms at all." *Caron v. United States*, 524 U.S. 308, 314–15 (1998).

A defendant who obtains relief under California Penal Code § 1203.4 is "permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty," but "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or

---

[2] The Government also argues that Defendant "reduced" his felony to a misdemeanor in 2017 and therefore could not obtain a second reduction under California Health and Safety Code § 11361.8(a), which the Government reads to apply only to a person "currently serving a sentence" or a person "who would not have been guilty of an offense, or who would have been guilty of a lesser offense." (ECF No. 35 at 6.) This is incorrect. Section 1203.4 permits a defendant "to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty," Cal. Penal Code § 1203.4(a)(1), which results in "[d]ismissal of an accusation or information," *id.* § 1203.4(a)(2). It does not reduce a felony to a misdemeanor. Moreover, subdivision (e) of § 11361.8, not subdivision (a), applies to a person "who has completed their sentence," such as Defendant. Cal. Health & Safety Code § 11361.8(e). Defendant's prior relief under § 1203.4 therefore did not, by itself, foreclose relief under Proposition 64. However, this does change the Court's analysis. As discussed below, the record does not show that Defendant obtained any relief under Proposition 64, so the Court need not decide whether he was eligible for it.

the accusation or information dismissed." Cal. Penal Code § 1203.4(a)(1). Dismissal of a conviction "does not permit a person to own, possess, or have custody or control of a firearm or to prevent conviction" under California's felon-in-possession statute. *Id.* § 1203.4(a)(2).

In other words, California Penal Code § 1203.4 "does not, properly speaking, 'expunge' the prior conviction. The statute does not purport to render the conviction a legal nullity." *Jennings v. Mukasey*, 511 F.3d 894, 898 (9th Cir. 2007) (quoting *People v. Frawley*, 82 Cal. App. 4th 784, 791 (2000)). A person whose conviction was set aside under California Penal Code § 1203.4 therefore "remain[s] subject to prosecution for possession of a firearm by an ex-felon." *United States v. Hayden*, 255 F.3d 768, 771 (9th Cir. 2001).

Under Proposition 64, by contrast, a person who has completed their sentence for possession of marijuana for sale may apply to have an eligible conviction "dismissed and sealed because the prior conviction is now legally invalid or redesignated as a misdemeanor or infraction." Cal. Health & Safety Code § 11361.8(e). A felony redesignated under that provision "shall be considered a misdemeanor or infraction for all purposes." *Id.* § 11361.8(h). Later legislation directed the Department of Justice to "identify past convictions that are potentially eligible for recall or dismissal of sentence" and gave the prosecution "until July 1, 2020, to review all cases [so identified] and determine whether to challenge" the relief in a particular case. *Id.* § 11361.9(a)–(b). For an identified conviction that the prosecution did not challenge, "the conviction shall be deemed unchallenged, recalled, dismissed, and redesignated, as applicable, and the court shall issue an order" granting that relief "no later than March 1, 2023." *Id.* § 11361.9(d)(1). The court must also "update its records" and report the relief to the Department of Justice for adjustment of the state summary criminal history information database. *Id.* § 11361.9(d)(2).

Defendant's prior conviction qualifies as a predicate offense even though he received a dismissal under California Penal Code § 1203.4. Section 1203.4(a)(2) expressly preserves the firearms restriction under California law, and as a result, Defendant does not fall within the exception in 18 U.S.C. § 921(a)(20). That restriction is "a state weapons limitation on an offender," and it "activates the uniform federal ban on possessing any firearms at all." *Caron*,

524 U.S. at 315. Defendant concedes as much. (ECF No. 33 at 7 ("[T]he dismissal under § 1203.4 does not restore Mr. Cranwell's right to possess a firearm . . . .").) Because the § 1203.4 dismissal excludes Defendant's conviction from the 18 U.S.C. § 921(a)(20) exception, he may still be prosecuted as a felon in possession of a firearm under state and federal law.

Defendant's reliance on *United States v. Qualls*, 108 F.3d 1019 (9th Cir. 1997), *vacated*, 525 U.S. 957 (1998), and *United States v. Miller*, 105 F.3d 552 (9th Cir. 1997), does not alter this conclusion. As the Government notes, the United States Supreme Court vacated the panel decision in *Qualls* for reconsideration in light of *Caron*. (ECF No. 35 at 8.) On remand, the en banc Ninth Circuit abandoned its earlier rule that "the federal felon-in-possession statute does not apply to a former felon who possesses a firearm that he is allowed to possess under state law" and adopted "the all-or-nothing construction of the federal felon-in-possession statute" announced in *Caron*. *United States v. Qualls*, 172 F.3d 1136, 1138 (9th Cir. 1999) (en banc). *Miller*, which concerned Oregon law, applied the weapon-specific approach that *Caron* rejected. In *Miller*, the Ninth Circuit affirmed a conviction for possessing a revolver because Oregon law "prohibited [the defendant] from possessing the type of weapon with which he was charged," and it reversed a conviction for possessing ammunition because Oregon law did not prohibit the defendant from possessing ammunition. 105 F.3d at 554. To that extent, *Caron* overruled *Miller* in part. *See United States v. Stone*, 706 F.3d 1145, 1146 (9th Cir. 2013) (citing *Miller* as "overruled in part on other grounds by" *Caron* (italics omitted)). The remaining part of the ruling in *Miller* instructed courts to "look to the whole of state law at the time" civil rights were restored, 105 F.3d at 554, which does not assist Defendant here. The whole of California law at the time of Defendant's 2017 dismissal withheld his right to possess a firearm. *See* Cal. Penal Code § 1203.4(a)(2); *see also Frawley*, 82 Cal. App. 4th at 796 (holding that relief under § 1203.4 provides no defense to a prosecution for possession of a firearm by a felon). Thus, neither decision Defendant cites supports treating his § 1203.4 dismissal as eliminating the federal predicate offense.

Defendant's claim that Proposition 64 reclassified his conviction also fails because the record does not show that any reclassification occurred. Defendant relies on California Health and Safety Code § 11361.8 and on Assembly Bills 1793 and 1706, now codified at California

Health and Safety § 11361.9, to argue his conviction "was reduced by operation of law as of March 1, 2023." (ECF No. 33 at 2 n.1, 3, 8.) That relief, however, depends on action by the State. The California Department of Justice must identify the conviction as "potentially eligible," the prosecution must decline to challenge it, and the court must "issue an order" reclassifying it, "update its records," and report the reclassification. Cal. Health & Safety Code § 11361.9(a), (d)(1)–(2). Defendant has not shown that any of those steps occurred. He has not submitted an order reclassifying his conviction, a record showing that the Department of Justice identified his conviction as potentially eligible, or a criminal history report reflecting a reclassification. The criminal history report he submitted reflects only the California Penal Code § 1203.4 dismissal. (ECF No. 33-1 at 7, 12.) Moreover, in his companion motion, Defendant acknowledges that whether his conviction "was reclassified to a misdemeanor prior to the alleged date of the instant offense remains in dispute" and proceeds "as if [Defendant]'s 2005 conviction was classified as a felony, dismissed pursuant to California Penal Code § 1203.4, at the time of the alleged possession." (ECF No. 34 at 3 n.3.)

The absence of a written order alone does not defeat Defendant's argument because § 11361.9(d)(1) provides for claimed relief. The record nevertheless does not establish the factual conditions for that relief. On this motion, the Court must accept the Indictment's allegation of a qualifying predicate. *Boren*, 278 F.3d at 914 (requiring courts to accept the indictment's allegations as true when determining whether it states an offense). Because Defendant has not established the State of California reclassified Defendant's conviction, the Court need not decide whether a conviction reclassified under California Health and Safety Code § 11361.8 would qualify as a predicate offense under 18 U.S.C. § 921(a)(20). (*See* ECF No. 33 at 8–9.) Thus, the Court rejects Defendant's argument that his prior conviction does not qualify as a predicate offense under 18 U.S.C. § 921(a)(20) as a basis for dismissal.

Accordingly, the Court DENIES Defendant's Motion to Dismiss the Indictment based on the reduction of his prior conviction to a misdemeanor (ECF No. 33).

B. Motion to Dismiss Under the Second Amendment

In his second motion, Defendant argues 18 U.S.C. § 922(g)(1) violates the Second

Amendment as applied to him under *New York State Rifle & Pistol Ass'n v. Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024). (ECF No. 34.) Defendant contends the Second Amendment's plain text covers him as a citizen, the handgun charged in the Indictment, and his possession of the handgun in his home, so the Government must "shoulder the burden of demonstrating that [18 U.S.C. § 922(g)(1)] is consistent with the Second Amendment's text and historical scope." (*Id.* at 6 (quoting *Bruen*, 597 U.S. at 44 n.11).) He argues the Government cannot identify "a historical analogue for permanent disarmament for a violation of § 11359," particularly because he "is a non-violent offender who served no time in custody" and his conviction was "subsequently reduced to a misdemeanor pursuant to Proposition 64." (*Id.*) Defendant acknowledges *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025), is "the controlling authority in the Ninth Circuit," but he contends his challenge "is distinguishable given that in addition to being a non-violent offense, his prior conviction was reclassified as a misdemeanor in California prior to the date of his alleged possession." (ECF No. 34 at 2 n.1.) For purposes of this motion, Defendant proceeds "as if [his] 2005 conviction was classified as a felony, dismissed pursuant to California Penal Code § 1203.4, at the time of the alleged possession." (*Id.* at 3 n.3.) In opposition, the Government argues Defendant's challenge "is foreclosed by *Duarte*," which held "§ 922(g)(1) is not unconstitutional as applied to non-violent felons" and "specifically rejected 'felony-by-felony litigation.'" (ECF No. 36 at 2–3.) The Government adds Defendant "provides no authority" for his claim "that he is different because his felony was reduced to a misdemeanor." (*Id.* at 3.)

"The constitutionality of a statute is a question of law." *United States v. Carranza*, 289 F.3d 634, 643 (9th Cir. 2002). "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct," and "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17, 24. "[T]he appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Rahimi*, 602 U.S. at 692. Applying that framework, the Ninth Circuit aligned itself with "the Fourth, Eighth, Tenth and Eleventh Circuits," each of which had "upheld the categorical

application of § 922(g)(1) to all felons" and held "§ 922(g)(1) is not unconstitutional as applied to non-violent felons." *Duarte*, 137 F.4th at 747–48. The Ninth Circuit reaffirmed "felons are categorically different from the individuals who have a fundamental right to bear arms," *id.* at 750 (quoting *United States v. Vongxay,* 594 F.3d 1111, 1115 (9th Cir. 2010)), and concluded "*Bruen* and *Rahimi* support *Vongxay*'s holding that § 922(g)(1) constitutionally prohibits the possession of firearms by felons," *id.* Because "legislatures have been permitted to identify conduct that they deem the most serious and to punish perpetrators with severe deprivations of liberty," *id.* at 758, "§ 922(g)(1)'s permanent and categorical disarmament of felons is consistent with this Nation's historical tradition of firearm regulations," *id.* at 761. That tradition "is sufficient to uphold the application of § 922(g)(1) to all felons," and "[h]istory does not require 'felony-by-felony litigation' to support the application of § 922(g)(1)." *Id.* "District courts are, of course, bound by the law of their own circuit." *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987).

*Duarte* forecloses Defendant's challenge. Defendant was convicted in 2005 of possession of marijuana for sale, an offense California then punished as a felony, and for purposes of this motion he proceeds as if the conviction was dismissed but remained a felony when he allegedly possessed the firearm. (ECF No. 34 at 2, 3 n.3.) He is therefore a non-violent felon, and "§ 922(g)(1) is not unconstitutional as applied to non-violent felons." *Duarte*, 137 F.4th at 748. Indeed, the predicate felonies in *Duarte* included possession of a controlled substance for sale under California Health and Safety Code § 11351.5. *Id.* Defendant's request that the Court find no "historical analogue for permanent disarmament for a violation of § 11359" (ECF No. 34 at 6) asks for the "felony-by-felony litigation" *Duarte* rejected. 137 F.4th at 761. *Duarte* applied *Bruen*'s framework to felons as a class, held felons remain among "the people" the Second Amendment protects, and upheld 18 U.S.C. § 922(g)(1) as consistent with the Nation's historical tradition. *Id.* at 754–55, 761. The Court need not repeat that analysis for Defendant's offense.

Defendant's proposed distinction does not exempt him from *Duarte*'s holding. First, the distinction lacks a factual basis. As discussed above, Defendant has not shown the State of California reclassified his conviction before February 18, 2026, and he proceeds here as if the

conviction was a felony, albeit a dismissed one, on that date. (ECF No. 34 at 3 n.3.) Second, *Duarte*'s holding does not turn on the State's later treatment of the conduct underlying a conviction. *Duarte* upheld "§ 922(g)(1)'s permanent and *categorical* disarmament of felons," 137 F.4th at 761 (emphasis added), and § 922(g)(1) applies to any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1). Defendant cites no authority holding a later reduction in the penalty for an offense alters that analysis. (*See* ECF No. 36 at 7.) Third, the out-of-circuit decisions on which Defendant relies do not displace *Duarte*. Defendant invokes the Fifth Circuit's inquiry into whether "the government [can] demonstrate that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to [the challenger]" (ECF No. 34 at 4 (quoting *United States v. Diaz*, 116 F.4th 458, 467 (5th Cir. 2024)) (alteration in original)), and the Third Circuit's review of a challenger's "entire criminal history and post-conviction conduct" (*id.* (quoting *Pitsilides v. Barr*, 128 F.4th 203, 212 (3d Cir. 2025))). *Duarte* considered the Fifth Circuit's decision in *Diaz* and the Third Circuit's en banc decision in *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024), and aligned itself instead with the circuits upholding "the categorical application of § 922(g)(1) to all felons." 137 F.4th at 747–48. This Court is "bound by the law of [its] own circuit." *Zuniga*, 812 F.2d at 450. Section 922(g)(1) is therefore constitutional as applied to Defendant.

Accordingly, the Court DENIES Defendant's Motion to Dismiss the Indictment under the Second Amendment (ECF No. 34).

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss the Indictment Based on Reduction of Prior Conviction to a Misdemeanor by Operation of Law (ECF No. 33) and Motion to Dismiss the Indictment under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) (ECF No. 34). The Court sets this matter for a status conference on December 3, 2026, at 9:30 a.m. in Courtroom 2.

//

//

IT IS SO ORDERED.

DATE: November 5, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE