UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSHUA CRANWELL,

Defendant.

No. 2:26-cr-00046-TLN-1

**ORDER**

This matter is before the Court on Defendant Joshua Cranwell's ("Defendant") Motion to Dismiss for Violation of the Speedy Trial Act. (ECF No. 38.) The Government filed an opposition. (ECF No. 41.) Defendant filed a reply. (ECF No. 43.) For the reasons set forth below, the Court GRANTS Defendant's Motion and DISMISSES the Indictment without prejudice pursuant to the Speedy Trial Act.

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2026, a grand jury indicted Defendant on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 10.) Defendant has remained in custody since his initial appearance on March 25, 2026. (ECF Nos. 4, 9, 27.) The Court excluded time under the Speedy Trial Act from April 10, 2026 through July 30, 2026. (ECF Nos. 15, 18, 32.)

On July 16, 2026, Defendant filed two motions to dismiss the Indictment. (ECF Nos. 33, 34.) The Government opposed both motions on July 23, 2026. (ECF Nos. 35, 36.) Defendant did not file a reply by the July 27, 2026 deadline. (*See* ECF No. 32.) On July 27, 2026, the Court submitted the motions without oral argument and vacated the hearing set for July 30, 2026. (ECF No. 37.) The Government did not request a status conference or an exclusion of time while the motions were under submission. On November 5, 2026, the Court denied both motions and set a status conference for December 3, 2026. (ECF No. 39.) The same day, Defendant filed the instant motion. (ECF No. 38.)

## II. STANDARD OF LAW

The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. It does not, however, prescribe any specific length of time within which a criminal trial must commence. Congress thus enacted the Speedy Trial Act, which sets specified time limits after arraignment or indictment within which criminal trials must begin. *Furlow v. United States*, 644 F.2d 764, 768–69 (9th Cir. 1981) (per curiam) (describing the Speedy Trial Act as the Sixth Amendment's "implementation"). Under the Speedy Trial Act, "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Speedy Trial Act "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006); *see* 18 U.S.C. § 3161(h). "If a defendant is not brought to trial within the time limit

required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

## III. ANALYSIS

Defendant moves to dismiss the Indictment with prejudice under the Speedy Trial Act and the Sixth Amendment. (ECF No. 38.) The Court addresses in turn the Speedy Trial Act violation, the form of dismissal, and the Sixth Amendment.

### A. Speedy Trial Act Violation

Defendant argues seventy-one days lapsed in this case without a trial, which violates his right to a speedy trial and requires dismissal of the Indictment. (ECF No. 38 at 2, 4–5.) He reasons the Court took his motions to dismiss under advisement on July 27, 2026, and the motions remained under advisement for 101 days. (*Id.* at 4–5.) He contends only thirty of those days are excludable, so more than seventy non-excludable days elapsed without trial. (*Id.*) In opposition, the Government argues the motions were of the sort requiring a hearing, so all time from their filing through the Court's ruling is excludable.[1] (ECF No. 41 at 4–5.) The Government also notes the Court excluded time through July 30, 2026. (*Id.* at 2.)

The Speedy Trial Act excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). The Act also excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *Id.* § 3161(h)(1)(H). For "motions that require no hearing and that result in a 'prompt disposition,'" the promptness requirement was "intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing." *Henderson v. United States*, 476 U.S. 321, 329 (1986). The exclusion ends "30 days from the time the court receives all the papers it reasonably expects." *Id.* at 329. Thus, "if a pretrial motion does not require a hearing, the period from the date the motion was taken under advisement until the court rules on the motion, but no more than 30 days, may be

[1] The Government filed its opposition after the deadline and requested leave to do so. (ECF No. 41.) The Court granted the Government's motion for leave to file an untimely opposition. (ECF No. 42.)

excluded." *United States v. Medina*, 524 F.3d 974, 978–79 (9th Cir. 2008).

The seventy-day period expired before Defendant filed the instant motion. Defendant filed his first motions to dismiss the Indictment on July 16, 2026. (ECF Nos. 33, 34.) The Court vacated the hearing and submitted the motions without oral argument on July 27, 2026. (ECF No. 37.) Defendant's replies were due the same day. (ECF No. 32.) The Court had then received "all the papers it reasonably expect[ed]." *Henderson*, 476 U.S. at 329. The motions did not require a hearing, and the Court decided them on the papers. (ECF No. 39.) After submission, the Speedy Trial Act therefore excluded only thirty days, through August 26, 2026. While the motions were under submission, the Government did not request a status conference, seek an exclusion of time, or bring the Speedy Trial Act's time limit to the Court's attention. The clock ran from August 27, 2026, until Defendant filed the instant motion on November 5, 2026. (ECF No. 38.) Seventy non-excludable days elapsed in the interim. Because trial did not commence within those seventy days, Defendant was "not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h)." 18 U.S.C. § 3162(a)(2).

The Government's arguments do not alter this conclusion. First, the Government's authorities are distinguishable. In *Medina*, the suppression motions "were never 'under advisement'" because the district court could not decide them "until the conclusion of an evidentiary hearing." 524 F.3d at 984. In *United States v. Gorman*, the motion likewise remained "set to be heard" when the defendant pleaded guilty, and the district court never took it under submission. 314 F.3d 1105, 1110, 1115 (9th Cir. 2002). Here, by contrast, the Court vacated the hearing and clearly communicated to the parties that it took the motions under submission. (ECF No. 37.) Second, the exclusion of time through July 30, 2026, overlapped the first three days of the advisement period. It did not extend the thirty-day limit, which runs "from the time a motion is actually 'under advisement' by the court." *Henderson*, 476 U.S. at 329.

Accordingly, the Speedy Trial Act requires dismissal of the Indictment. *See* 18 U.S.C. § 3162(a)(2).

B. <u>Dismissal With or Without Prejudice</u>

Defendant argues dismissal should be with prejudice because he has remained in custody

throughout this case and the delay prejudiced him. (ECF No. 38 at 5–6.) The Government argues any dismissal should be without prejudice because the offense is serious and the delay did not result from prosecutorial misconduct. (ECF No. 41 at 6–11.)

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). The Court also considers "prejudice to the defendant from the delay." *United States v. Alvarez-Perez*, 629 F.3d 1053, 1062 (9th Cir. 2010). "Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation." *United States v. Taylor*, 487 U.S. 326, 334 (1988).

Compliance with the Speedy Trial Act is a shared obligation. "[T]he monitoring of the limitations period is not the exclusive burden of the district judge. The Government shares the responsibility for speedy trial enforcement." *United States v. Perez-Reveles*, 715 F.2d 1348, 1353 (9th Cir. 1983); *see also United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (explaining Congress "imposed the sanction of dismissal under § 3162 to compel courts and prosecutors to work in furtherance of" the public's interest in the speedy administration of justice).

First, the offense is serious. A violation of 18 U.S.C. § 922(g)(1) carries a maximum term of fifteen years. 18 U.S.C. § 924(a)(8); *see United States v. Lewis*, 611 F.3d 1172, 1180 (9th Cir. 2010) (affirming dismissal without prejudice because offenses carrying a maximum sentence of five years are "'serious' within the context of the Speedy Trial Act"). Second, the facts and circumstances favor dismissal without prejudice. The seventy-day period ran while Defendant's motions were under submission, and the Government did not request a status conference or bring the Speedy Trial Act's time limit to the Court's attention. The Government thus did not fulfill its share of "the responsibility for speedy trial enforcement." *Perez-Reveles*, 715 F.2d at 1353. Nothing in the record suggests, however, the Government "acted in bad faith" or engaged in "any pattern of neglect." *Taylor*, 487 U.S. at 339. The lapse instead appears to be "an isolated unwitting violation." *Id.* The violation was also brief. The seventy-day period expired the day

before Defendant filed the instant motion, and Defendant had previously stipulated to exclude time through July 30, 2026, before the Court submitted the motions without oral argument on July 27, 2026. (ECF Nos. 32, 38.) *See Alvarez-Perez*, 629 F.3d at 1063 (characterizing two-day delay as "technical, rather than substantive" (citation omitted)). Third, there are no other circumstances before this Court indicating that dismissal without prejudice would adversely impact the administration of the Speedy Trial Act or the administration of justice. *See United States v. Pena-Carrillo*, 46 F.3d at 883 ("[The] purpose of deterring prosecutorial misconduct and delay would be little served by barring reprosecution in this case."). Finally, Defendant does not show prejudice sufficient to bar reprosecution. The Court does not discount Defendant's time in custody. The violation, however, was brief, and Defendant does not show the delay beyond the seventy-day limit impaired his defense.

Accordingly, the Court dismisses the Indictment without prejudice.

C. Sixth Amendment

Defendant also seeks dismissal under the Sixth Amendment. (ECF No. 38 at 7.) The Government argues the delay does not violate the Sixth Amendment because the period between the Indictment and trial does not exceed one year, and most of the delay resulted from Defendant's own motion practice and agreed continuances. (ECF No. 41 at 12–14.)

Courts evaluate Sixth Amendment speedy trial claims under four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* "Although there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial." *United States v. Gregory*, 322 F.3d 1157, 1162 (9th Cir. 2003). Generally, an eight-month delay "constitutes the threshold minimum" to initiate the full *Barker* inquiry. *Id.* at 1162 n.3. "The delay is measured from the time of indictment to the time of trial." *United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019).

Here, the grand jury returned the Indictment on April 9, 2026, less than eight months ago.

(ECF No. 10.) The delay is therefore not long enough to trigger the full *Barker* analysis for a Sixth Amendment violation. *See United States v. Hicks*, No. 2:17-CR-00027-TLN, 2022 WL 2052570, at *2 (E.D. Cal. June 7, 2022) (withdrawing Sixth Amendment finding because delay violated Speedy Trial Act but fell short of eight-month threshold). Finding dismissal warranted under the Speedy Trial Act, the Court declines to address this claim further.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion and DISMISSES the Indictment without prejudice pursuant to the Speedy Trial Act. The Court ORDERS Defendant to be released forthwith. The Court VACATES the motion hearing set for November 19, 2026, and the status conference set for December 3, 2026. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATE: November 18, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE